UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JOY REYES, as Infant Plaintiff by her Mother
and Natural Guardian, ELLEN REYES
individually,

                         Plaintiffs,

                -against-

FAIRFIELD PROPERTIES, DAVID BERGER,
DAVID FORD, and DAVID NOBILE,

                       Defendants.

-------------------------------------------------------X

Docket No. CV-08-0074 (JFB)(ETB)

## MEMORANDUM OF LAW

Kaufman Dolowich Voluck & Gonzo LLP
Attorneys for Defendants
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1101

Moritt, Hock, Hamroff and Horowitz, LLP
Co-counsel for Defendants
400 Garden City Plaza, Suite 202
Garden City, New York 11530
(516) 542-0088

On the brief:
    Andrew L. Richards, Esq.
    Robert Schonfeld, Esq.

## TABLE OF CONTENTS

**PAGE NO.**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   iv

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

ARGUMENT

    POINT I

    PLAINTIFF HAS FAILED TO STATE A CLAIM FOR
    WHICH RELIEF MAY BE GRANTED PURSUANT TO
    THE FHA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

    A.    The FHA Does Not Include Alterations To Pre-1991
        Buildings As An Accommodation . . . . . . . . . . . . . . . . . . .   4

    B.    The Legislative History Of The FHA And The Code
        Of Federal Regulations Corroborates The Argument
        Set Forth Above . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

    C.    There Is No Relief Available To Plaintiff Under Any
        Other Section Of The FHA . . . . . . . . . . . . . . . . . . . . . . . . .   7

    D.    The Americans With Disabilities Act Does Not
        Provide A Remedy For Plaintiff In The Case At Bar . . . . . .   9

    POINT II

    PLAINTIFF'S CLAIM BASED ON RETALIATION SHOULD
    BE DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

    POINT III

    TO THE EXTENT COUNTS TWO, THREE, SIX, AND
    EIGHT CHALLENGE THE JUDGMENT OF A STATE COURT
    AUTHORIZING THE EVICTION OF PLAINTIFF, THOSE
    COUNTS ARE BARRED BY THE *ROOKER-FELDMAN*
    DOCTRINE AND THE DOCTRINES OF *RES JUDICATA*
    AND COLLATERAL ESTOPPEL . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

    A.    *Rooker-Feldman* Doctrine . . . . . . . . . . . . . . . . . . . . . . . . . .   12

|   |   | **PAGE NO.** |
|---|---|---|
| B. | *Res Judicata* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 16 |
| C. | Collateral Estoppel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 17 |

POINT IV

PLAINTIFF HAS FAILED TO ASSERT ANY FACTS WHICH
WOULD GIVE RISE TO AN INFERENCE OF RACIAL
DISCRIMINATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18

POINT V

PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION
PURSUANT TO THE NEW YORK HUMAN RIGHTS LAW. . . .   20

A. Plaintiff Has Failed To Sufficiently Allege A Refusal To
Make An Accommodation . . . . . . . . . . . . . . . . . . . . . . . . . . .   20

B. Plaintiff has Improperly Allege That Defendants Have
Violated Plaintiff's Civil Rights Based Upon NY
Executive Law §291(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   21

POINT VI

PLAINTIFF HAS FAILED TO SUCCESSFULLY STATE A
CLAIM FOR IIED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   22

A. Plaintiff Has Failed To Allege Any Conduct So
Outrageous In Character or Extreme In Degree As
To Go Beyond All Possible Bounds Of Decency . . . . . . .   22

B. Plaintiff Has Also Failed To Meet The Burden Of
Alleging The Remaining Elements Of A Claim Of IIED. .   23

POINT VII

PLAINTIFF IMPROPERLY NAMED INDIVIDUAL PARTIES
AS DEFENDANTS IN THE PRESENT ACTION AND ALL
CLAIMS AGAINST THEM SHOULD BE DISMISSED. . . . . . .   23

**PAGE NO.**

POINT VIII

    PLAINTIFF HAS NAMED THE WRONG CORPORATE
DEFENDANT IN THE PRESENT ACTION AND THE
CLAIM AGAINST FAIRFIELD PROPERTIES SHOULD
BE DISMISSED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    25

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    26

## TABLE OF AUTHORITIES

<u>CASES</u>                                                                    <u>PAGE NO.</u>

Andujar v. Hewitt,
2002 WL 1792065*10 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . .        24

Babalola v. B.Y. Equities, Inc.,
63 Fed. Appx. 534 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        14

Bacon v. Suffolk Legislature,
2007 WL 2288044*10 (E.D.N.Y.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        19

Ball v. A.O. Smith Corp.,
451 F.3d 66 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        18

Biondo v. Beekman Hill House Apartment Corp.,
94 N.Y.2d 659 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        24

Brass v. Am. Film Techs, Inc.,
987 F.2d 142, 150 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        8

Burka v. New York City Transit Authority,
32 F.3d 654 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        16

Dalton v. Educational Testing Service,
87 NY2d 384 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        12

Elmowitz v. Executive Towers at Lido,
571 F.Supp.2d 370 (E.D.N.Y. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . .        22, 23

Exxon Mobil Corporation v. Saudi Basic Industries Corporation,
544 U.S. 280 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        15

Fasolino Foods Co., Inc. v. Banca Nazionale Del Lavoro,
961 F.2d 1052 (2d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        12

Galin v. United States,
2008 WL 5378387*6 (E.D.N.Y. 2008) . . . . . . . . . . . . . . . . . . . . . . . . .        17, 18

Hamilton v. Svatik,
779 F.2d 383 (7th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        24

Harary v. Allstate Insurance Co.,
983 F.Supp. 95 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        18, 19

**PAGE NO**.

Hoblock v. Albany County Board of Elections,
422 F.3d 77 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      13, 14, 16

Holley v. Crank,
258 F.3d 1127 (9th Cir. 2001, cert granted, 535 U.S. 1077 (2002). . . . . .      24

Howell v. New York Post Co.,
81 N.Y.2d 112 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      22

Jones v. Alfred H. Mayer Co.,
392 U.S. 409 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      18

Lindsay Park Housing Corp.,
866 N.Y.S.2d at 773 (2d Dept. 2008) . . . . . . . . . . . . . . . . . . . . . . . . .      20

Lynn v. Village of Pomona,
212 Fed. Appx. 38 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . .      10

Martin v. New York State Dep't of Mental Hygiene,
588 F.2d 371 (2d Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      19

Matusovsky v. Merrill Lynch,
186 F.Supp.2d 397 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . .      8

Meyer v. Holley,
537 U.S. 280 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      24

Monahan v. New York City Dep't of Corr.,
214 F.3d 275 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      16, 17

Posr v. New York State,
2006 WL 656985*14 (E.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . .      15

Rapoport v. Asia Elecs. Holding Co., Inc.,
88 F.Supp.2d 179, 184 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . .      8

Regional Economic Community Action Program, Inc. v.
City of Middletown,
294 F.3d 35, 54 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      10

Rodriguez v. 551 West 157th St. Owners Corp.,
992 F.Supp. 385 (S.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . .      5

**PAGE NO.**

Roth v. Jennings,
489 F.3d 499, 509 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        8

Schiro v. Farley,
510 U.S. 222, 232 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        17

Shapiro v. Cadman Towers, Inc.,
51 F.3d 328 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        5, 6

Sharp v. State of New York,
2007 WL 2480428*5 (E.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . .        13

Springer v. Lincoln Shore Owners, Inc.,
2007 WL 2403165*3-4 (E.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . .        17

State Division of Human Rights v. Stoute,
36 A.D.3d 257 (2d Dept. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        20-21

Steinhauser v. Hertz Corp.,
421 F.2d 1169 (2d Cir. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        23

The Open Hous. Ctr. V. Kessler Realty, Inc.,
No. 96 Civ. 6234, 2001 WL 1776163 (E.D.N.Y. 2001) . . . . . . . . . . . . . .        24

Thompson v. Westboro Condominium Association,
2006 WL 2473464*3 (W.D. Wash.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        5

Trang v. Concris Realty Co.,
2005 WL 1398004 (E.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        14

United States v. Lorantiffy Care Ctr.,
999 F.Supp. 1037 (N.D. Ohio 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        24

United States v. Sea Winds of Marco, Inc.,
893 F.Supp. 1051 (M.D. Fla 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        24

Water's Edge Habitat, Inc. v. Pulipati,
837 F.Supp. 501 (E.D.N.Y. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        17

Wittich v. Wittich,
2006 WL 3437407*3 (E.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . .        13, 16

Yusuf v. Vassar College,
35 F.3d 709 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        19

**PAGE NO.**

**STATUTES**

| | |
|---|---|
| 24 CFR §100.203(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 7, 8 |
| 24 CFR §100.203(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 7 |
| 24 CFR §100.204(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 6 |
| 24 CFR §100.204(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 7 |
| 28 U.S.C. §1367 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 20 |
| 42 U.S.C. §1982 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 2, 12, 14, 18 |
| 42 U.S.C. §3604(f)(3)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 7, 8 |
| 42 U.S.C. §3604(f)(3)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1, 3, 4, 5, 6, 20 |
| 42 U.S.C. §3604(f)(3)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 4, 8 |
| 42 U.S.C. §3617 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1, 10 |
| 42 U.S.C. §12183 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 9 |
| F.R.C.P. Rule 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 12 |
| F.R.C.P. Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1, 8 |
| H. R. Rep. 100-711, 1988 U.S.C.C.A.N. 2173, 2179 . . . . . . . . . . . . . . . | 6 |
| H. R. Rep. 100-711, 1988 U.S.C.C.A.N. 2173, 2186. . . . . . . . . . . . . . . | 6 |
| NY Executive Law §291(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 21 |
| NY Executive Law §296(18) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 3, 20 |
| New York Real Property Actions and Proceedings Law §853 . . . . . . . . . | 2, 11 |

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted on behalf of Defendants Fairfield Properties ("Fairfield"), David Berger, David Ford and David Nobile (collectively, the "Defendants") in support of their motion for an order pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 12(b)(6), dismissing the Amended Complaint filed by Plaintiff Ellen Reyes filing on behalf of herself and her daughter Joy Reyes ("Plaintiff") in its entirety.

In her Amended Complaint, Plaintiff alleges claims for (i) discrimination and retaliation in violation of the Federal Fair Housing Act ("FHA"), (ii) a violation of Plaintiff's civil rights due to racial discrimination, (iii) discrimination in violation of New York State Human Rights Law ("NYS HRL"), (iv) intentional infliction of emotional distress ("IIED"), (v) breach of contract, (vi) breach of implied duty of good faith and fair dealing, and (vii) unlawful eviction. The linchpin of this action was the denial of Plaintiff's demands for Fairfield 64 Gibson LLC (the "Owner") to renovate Plaintiff's apartment located at 64 Gibson Avenue, Valley Stream, New York (the "Building") and the Building's common areas in order to accommodate minor Plaintiff's disability[1].

Plaintiff alleges that the Defendants' refusal to make the renovations violates the FHA (42 U.S.C. §3604[f][3][B]) and the NYS HRL §296(18) in that the failure to comply with Plaintiff's demand constitutes discrimination against the Plaintiff on the basis of her disability. Plaintiff also alleges that the Defendants violated the retaliation provisions of the FHA (42 U.S.C. §3617) when Owner commenced holdover proceedings against her in state court due to her filing of a complaint with the New York State Division of Human Rights ("NYS DHR") and obtained a judgment giving Owner possession of her apartment based on a settlement of a

---

[1] Fairfield 64 Gibson LLC is the fee owner of the Building.  Named defendant Fairfield is a New York general partnership and does not have any ownership interest in the Building.

1

holdover proceeding brought in state court predicated on a settlement agreement executed by

Plaintiff Ellen Reyes in that state court proceeding.  In addition to the foregoing, Plaintiff has

alleged a claim for racial discrimination pursuant to 42 U.S.C. §1982, as well as various state law

claims.  Plaintiff alleges that Defendants' refusal to comply with Plaintiff's demands to renovate

the Building and her apartment constituted IIED.  Plaintiff further alleges that Defendants'

commencement of the holdover proceeding and the resulting eviction -- based on the settlement

agreement executed by Plaintiff Ellen Reyes -- constituted a breach of contract, a breach of

implied duty of good faith and fair dealing, and unlawful eviction pursuant to New York Real

Property Actions and Proceedings Law ("NY RPAPL") §853.

      As will be shown below, Plaintiff's claims should be dismissed on the following grounds.

First, Defendants had no obligation to perform alterations or work to renovate her apartment and

the common areas of the Building (collectively, the "Premises") because such renovations are

not an obligation created by the reasonable accommodations provisions of the FHA.  Plaintiff's

claim for relief based upon the alleged retaliatory acts by Defendants should be dismissed due to

the fact that (i) Plaintiff signed a stipulation of settlement voluntarily dismissing the holdover

proceeding thereby admitting her status as a holdover tenant, and (ii) Plaintiff has failed to show

a causal connection between her requests for renovation and her filing of complaints with the

LIHS and NYS DHR, and the commencement of the holdover proceeding.  Moreover, since

Plaintiff Ellen Reyes executed the settlement agreement consenting to Owner's possession of the

apartment and the State court held -- on Plaintiff's order to show cause to stay the warrant of

eviction issued pursuant to that settlement -- that Owner was entitled to possession of the

apartment, this claim is barred by the *Rooker-Feldman* doctrine, *res judicata*, and collateral

estoppel.  Plaintiff's claim of racial discrimination should be dismissed because the Amended

2

Complaint lacks the requisite facts to meet the minimum pleading standard established by case law.  Plaintiff's claim for relief pursuant to the NYS HRL, Executive Law §296(18), which mirrors the FHA, should be dismissed pursuant to the same reasoning by which the claims based on the FHA should be dismissed.  Specifically, Defendants had no obligation to perform work on the Premises in order to accommodate Plaintiff.  Plaintiff's claim for relief for IIED should be dismissed as she has not pled any outrageous conduct which could be a sufficient basis for a claim of IIED.  Plaintiff's claims for relief based upon the alleged Breach of Contract, Breach of Implied Duty of Good Faith and Fair Dealing, and racial discrimination, should be dismissed because they are barred by *res judicata*, collateral estoppel and the *Rooker-Feldman* doctrine.

Moreover, Plaintiff's claims against the individual defendants David Berger, David Ford and David Nobile should be dismissed on the additional and independent ground that Plaintiff has failed to plead any factual support of any discriminatory actions on the part of any of them.  In addition, the Amended Complaint should be dismissed on the independent ground that it names Fairfield Properties instead of the Owner as the defendant.

## STATEMENT OF FACTS

For a complete statement of the facts relevant to this motion, the Court is respectfully referred to the affidavit of Mark Broxmeyer, duly sworn to on February 6, 2009 (the "Broxmeyer Affidavit"), incorporated by reference herein.

## ARGUMENT

## POINT I

## PLAINTIFF HAS FAILED TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED PURSUANT TO THE FHA

In Count One of the Amended Complaint, Plaintiff alleges that Defendants violated the FHA, 42 U.S.C. §3604(f)(3)(B), by refusing to make alterations and renovations to the Building

3

and apartment where Plaintiff lived based on her disability.   Specifically, Plaintiff alleges that

Defendants should have created a wheelchair accessible entrance to the Building, built curb

ramps at dwelling entrances, re-paved the parking lot, designated parking with appropriate signs,

widened bathroom doors to accommodate wheelchair access and eliminate the step that was at

the entrance to Plaintiff's apartment.  (Amended Complaint ¶ 18).

**A.     The FHA Does Not Include Alterations**
**       To Pre-1991 Buildings As An Accommodation**

The FHA and its accompanying interpretive regulations explicitly set forth the kinds of

accommodations to which tenants may be entitled based upon disability.  While buildings

constructed after 1991 must comply with specific construction requirements to accommodate

persons with disabilities (see 42 U.S.C. §3604(f)(3)(C)), pre-existing structures such as the

Building in the instant matter are subject to different and less onerous requirements.[2]

42 U.S.C. §3604, entitled "Discrimination in the Sale or Rental of Housing and Other

Prohibited Practices," states that "it shall be unlawful":

> "(f)(3)(B): [to refuse] to make reasonable accommodations in
> rules, policies, practices, or services, when such accommodations
> may be necessary to afford such person equal opportunity to use
> and enjoy a dwelling. . ."  42 U.S.C. §3604(f)(3)(B)

This section clearly defines a reasonable accommodation as an accommodation to "rules,

policies, practices, or services."  There is no duty imposed upon landlords or building owners to

construct new facilities, features, or elements at a tenant's request in buildings built prior to

1991.  Thus, a reasonable accommodation under 42 U.S.C. §3604(f)(3)(B) does not include

renovations to a residential building built prior to 1991 for the benefit of persons with

disabilities.  Plaintiff has failed to plead a denial of any changes to any rule, policy, practice or

---

[2] The Building was constructed for first occupancy in 1971. (*See* Broxmeyer Affidavit, Exhibit "G".)

service, but is instead claiming entitlement to new construction which is not required under the statute.

Here, Plaintiff has alleged that the defendants' refusal to, among other things, build her a ramp and widen doorways in her apartment to accommodate the minor Plaintiff's disability constitutes discrimination pursuant to the FHA.  Similarly, in Rodriguez v. 551 West 157th St. Owners Corp., 992 F.Supp. 385 (S.D.N.Y. 1998), the plaintiff was confined to a wheelchair due to cerebral palsy, and was thus unable to enter and exit the building where he lived without assistance.  The plaintiff demanded that a lift or ramp be installed in order to make the building wheelchair accessible, alleging that the failure of the building owners to provide such a ramp was a violation of 42 U.S.C. §3604.  The Court held that "to undertake to construct an entirely new facility in an existing building does not, under these circumstances, qualify as an 'accommodation' of a 'rule, policy, practice or service,' when the term 'construction' is nowhere to be found and the term 'facility' is excluded."  Rodriguez, 992 F.Supp. at 387 (citing Shapiro v. Cadman Towers Inc., 51 F.3d 328 (2d Cir. 1995)); see also, Thompson v. Westboro Condominium Association, 2006 WL 2473464 (W.D. Wash.).  The Court in Rodriguez dismissed the plaintiff's FHA claims and declined to exercise jurisdiction over the remaining state law claims.

In contrast to Rodriguez, in Shapiro v. Cadman Towers, Inc., supra, the disabled plaintiff sought a preliminary injunction requiring the defendants to alter their first-come/first-serve policy in allocating parking spaces and move her to the front of the waiting list to obtain a parking space in her building's parking garage as an accommodation to her disability.  Shapiro, 51 F.3d 328 (2d Cir. 1995).  The court held that Section 3604(f)(3)(B) of the FHA required that defendants "reasonably accommodate Shapiro's need for a parking space in the Cadman Towers'

parking garage . . . [and] this accommodation may involve some changes to the Cadman Towers'

present method of allocating parking spaces and may require the cooperative to incur some

costs." Shapiro, 51 F.3d at 336.

Unlike Shapiro, where the plaintiff requested an accommodation in the defendant's

parking policies, Plaintiff has requested renovation and alteration of her apartment, the Building

and surrounding areas.  The refusal to make alterations to the Premises is not a refusal of an

accommodation in the "rules, policies, practices, or services."  Therefore, Plaintiff has failed to

state a cause of action upon which relief can be granted and her Amended Complaint should be

dismissed.

**B.      The Legislative History Of The FHA And The Code Of Federal Regulations
         Corroborates The Argument Set Forth Above**

The legislative history of the FHA states in pertinent part that:

> "[The] modest requirements [including that doors and hallways be
> wide enough to accommodate wheelchairs, and that most rooms
> and spaces be on accessible route,] will be incorporated into the
> design of the new buildings . . . The bill does not require the
> installation of elevators or 'hospital-like' features, or the
> renovation of existing units."  H.R. Rep 100-711, 1988
> U.S.C.C.A.N. 2173, 2179.

The Legislative History further states that Section 3604(f)(3)(B) requires that "changes be made

to such traditional rules or practices if necessary to permit a person with handicaps an equal

opportunity to use and enjoy a dwelling." Id. at 2186.

The fact that renovations to existing structures are not mandated by the FHA finds further

support in the Code of Federal Regulations promulgated pursuant to the FHA, which includes

examples of the application of 42 U.S.C. §3604(f)(3)(B).  24 CFR §100.204(a) states that:

> "it shall be unlawful for any person to refuse to make reasonable
> accommodations in rules, policies, practices, or services, when
> such accommodations may be necessary to afford a handicapped

> person equal opportunity to use and enjoy a dwelling unit,
> including public and common use areas."

24 CFR §100.204(b) provides examples to illustrate the application of this section.  Example one

involves a blind applicant applying to live in a housing community which enforces a no-pets

policy.  It would be a violation of §100.204 for the landlord of the housing community to refuse

to permit the applicant to live in the apartment with a seeing eye dog.  24 CFR §100.203(a)

states, in pertinent part, that:

> "it shall be unlawful for any person to refuse to permit, at the
> expense of a handicapped person, reasonable modifications of
> existing premises, occupied or to be occupied by a handicapped
> person, if the proposed modifications may be necessary to afford
> the handicapped person full enjoyment of the premises of a
> dwelling. . ."

24 CFR §100.203(c) provides illustrations of the application of 24 CFR §100.203(a).  One

example involves an applicant who has a child who uses a wheelchair.  The applicant asks the

landlord for permission to widen the doorway to the bathroom at the applicants' own expense.  It

would be unlawful for the landlord to refuse to permit the applicant to make a modification as

long as the applicant pays for it.  *See* 42 U.S.C. §3604(f)(3)(A); 24 CFR §100.203(c).  In the

case at bar, Plaintiff has not asked Defendants for permission to modify the premises at her

expense, but has instead demanded that Defendants modify it themselves at their own expense.

As a result, Plaintiff has not been denied a reasonable accommodation pursuant to the FHA and

is not eligible for relief.  The FHA does not obligate Defendants to renovate Plaintiff's apartment

at the Defendants' expense.

**C.     There Is No Relief Available To Plaintiff**
        **Under Any Other Section Of The FHA**

There are two other sections defining discrimination in 42 U.S.C. §3604(f)(3).  Even if

Plaintiff was permitted to once again amend the Amended Complaint, these two other sections

do not provide a cause of action entitling Plaintiff to relief based on the allegations set forth in

the Amended Complaint.  Similar to 24 CFR §100.203(a), 42 U.S.C. §3604(f)(3)(A) states, in

pertinent part, that discrimination is:

> "a refusal to permit, at the expense of the handicapped person,
> reasonable modifications of existing premises occupied or to be
> occupied if such modifications may be necessary to afford such
> person full enjoyment of the premises."

This section permits handicapped persons to fund their own modifications of existing premises.

Plaintiff has made no allegations that she has offered to pay for renovations, but instead

demanded that Defendants make modifications to the premises at their own cost.

The final section of §3604(f)(3), which is §3604(f)(3)(C), applies only "in connection

with the design and construction of covered multifamily dwellings for first occupancy after the

date that is 30 months after September 13, 1988". 42 U.S.C. §3604(f)(3)(C).  The date

referenced in the statute is March 13, 1991.  As set forth in the attached Broxmeyer Affidavit,

the Building was constructed and available for occupancy well before this date.  Attached as

Exhibit "G" to the Broxmeyer Affidavit is a copy of the Certificate of Occupancy for the

Building demonstrating that the Building was constructed and available for occupancy well

before the date provided by the statute.[3]  As a result, 42 U.S.C. §3604(f)(3)(C) would not afford

Plaintiff relief for any discrimination alleged in the Amended Complaint.  Given that Plaintiff

has not stated a claim upon which relief can be granted by any of the sections of the FHA, her

claims should be dismissed.

---

[3] When deciding a 12(b)(6) motion, a court may consider documents attached to the complaint as exhibits or
incorporated by reference. Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007); Brass v. Am. Film Techs, Inc., 987
F.2d 142, 150 (2d Cir. 1993).  Likewise, a court may consider any documents upon which the complaint relies or
which is a public record. Roth, 489 F.3d at 509 (2d Cir. 2007).  Moreover, "[i]f a plaintiff's allegations are
contradicted by such a document, those allegations are insufficient to defeat a motion to dismiss." Matusovsky v.
Merrill Lynch, 186 F.Supp.2d 397, 399-400 (S.D.N.Y. 2002) (citation omitted); See also Rapoport v. Asia Elecs.
Holding Co., Inc., 88 F.Supp.2d 179, 184 (S.D.N.Y. 2000).

**D.    The Americans With Disabilities Act Does Not**
**Provide A Remedy For Plaintiff In The Case At Bar**

The Amended Complaint cannot survive a motion to dismiss even if Plaintiff had pled a

claim for relief based on the Americans with Disabilities Act ("ADA") because the ADA only

applies to public accommodations and commercial facilities, and not to housing.  42 U.S.C.

§12183 states in pertinent part:

> ". . . as applied to public accommodations and commercial
> facilities, discrimination . . . includes (2) . . . undertaking an
> alteration that affects or could affect usability of or access to an
> area of the facility containing the primary function, the entity shall
> also make the alterations in such a manner that, to the maximum
> extent feasible the path of travel to the altered area and the
> bathrooms, telephones and drinking fountains . . .are readily
> accessible to and usable by individuals with disabilities . . .where
> such alterations are not disproportionate to the overall alterations
> in terms of cost and scope." 42 U.S.C. §12183.

The ADA places a burden upon building owners of public accommodations and

commercial facilities that are renovating or altering a building to make the renovations in such a

way as to make them accessible to individuals with disabilities.  This duty is triggered by the

commencement of renovations, and any such language is notably absent from the FHA.  This

ADA definition of discrimination does not apply to the property in question because it is

housing, and is governed by the FHA.  As a result, a claim for relief based on the ADA would

not breathe life into the Amended Complaint which should be dismissed based on the claims set

forth therein.

## POINT II

## PLAINTIFF'S CLAIM BASED ON RETALIATION SHOULD BE DISMISSED

In Count Two of the Amended Complaint, Plaintiff alleges that Defendants acted in

retaliation against Plaintiff for making complaints regarding Defendants' refusals to renovate

and alter the Premises and for filing a complaint with the NYS DHR.  In order for Plaintiff to

maintain an action of retaliation against the Defendants pursuant to the FHA, Plaintiff has the

burden to sufficiently plead the elements of 42 U.S.C. §3617, which states, in pertinent part:

> "[I]t shall be unlawful to coerce, intimidate, threaten, or interfere
> with any person in the exercise or enjoyment of, or on account of
> having exercised or enjoyed, or of his having aided or encouraged
> any other person in the exercise or enjoyment of, any right granted
> or protected by section 3603, 3604, 3605, or 3606 of this title." 42
> U.S.C. §3617.

In order to successfully plead a claim for relief pursuant to the above statute, Plaintiff must show,

inter alia, a causal connection exists between the protected activity and the adverse action.

Regional Economic Community Action Program, Inc. v. City of Middletown, 294 F.3d 35, 54

(2d Cir. 2002) (citations omitted).  The Second Circuit has held that a failure to show a causal

connection between the alleged protected activity and adverse action is a failure to state a prima

facie case of retaliation pursuant to 42 U.S.C. §3617.  Lynn v. Village of Pomona, 212 Fed.

Appx. 38, 41-42 (2d Cir. 2007).

Plaintiff alleges that commencing the holdover proceeding in the First District Court of

the County of Nassau was retaliatory in nature.  (Amended Complaint ¶¶ 29, 31).  However, as

set forth in the Broxmeyer Affidavit, Owner offered a new lease to Plaintiff in July 2007 but

Defendant did not sign it.  As a result, a proceeding was brought on or about October 9, 2007 to

evict Plaintiff as a holdover tenant.  On January 30, 2008, Plaintiff and her counsel executed a

stipulation of settlement (Exhibit "C" to Broxmeyer Affidavit) in the holdover proceeding by

which Plaintiff agreed to a Judgment of Possession in favor of the Owner with a stay of the

warrant of eviction through June 30, 2008.  This stipulation was signed and executed by Plaintiff

and her counsel and completely resolved all factual issues with regard to her status as a holdover

tenant.  By virtue of the foregoing, Plaintiff's allegations that Defendants falsely alleged that Plaintiff was a holdover tenant are without any basis.

Moreover, as set forth in the Broxmeyer Affidavit, despite executing the stipulation, Plaintiff brought an Order to Show Cause (*see* Exhibit "E" to the Broxmeyer Affidavit) for an order setting aside the warrant of eviction on the ground that the Owner allegedly entered into a new lease.  However, the state court denied Plaintiff's motion (*see* Exhibit "E" to the Broxmeyer Affidavit) and held that there was no intent by Owner to abrogate the stipulation of settlement, and further stayed the warrant of eviction until October 31, 2008.[4]

Given that Plaintiff has signed a stipulation of settlement pursuant to which she admitted and affirmed her status as a holdover tenant at the Building, and the state court reviewed her right to possession of the apartment when she filed the order to show cause and held that she did not have any possessory right to the apartment, she cannot establish a causal connection between her protected activity and the alleged retaliatory eviction proceedings.  Plaintiff is clearly seeking to revisit the determination of the state court in her status as a holdover tenant by bringing the retaliation claim.  This Court is not the proper forum for Plaintiff to revisit these determinations. Plaintiff's claim for alleged retaliation is improper and should be dismissed.

---

[4] Count Nine of the Amended Complaint for unlawful eviction pursuant to NY RPAPL §853 should also be dismissed because Plaintiff was not put out of her apartment by force or by unlawful entry or detainer.  Clearly, Plaintiff was evicted pursuant to court order.

## POINT III

**TO THE EXTENT COUNTS TWO, THREE, SIX, AND EIGHT CHALLENGE
THE JUDGMENT OF A STATE COURT AUTHORIZING THE EVICTION
OF PLAINTIFF, THOSE COUNTS ARE BARRED BY THE
ROOKER-FELDMAN DOCTRINE AND THE DOCTRINES OF
*RES JUDICATA* AND COLLATERAL ESTOPPEL**

As set forth above, in Count Two of her Amended Complaint, Plaintiff alleges that

Defendants violated the FHA by seeking to evict her in retaliation for their having filed a charge

of discrimination with the New York State Division of Human Rights.   Pursuant to Count Three

of her Amended Complaint, Plaintiff alleges, in part, that Defendants violated 42 U.S.C. §1982

by allegedly seeking to evict her because of their race.   In Counts Six and Eight of her Amended

Complaint, respectively, Plaintiff alleges that in seeking to evict her, Defendants acted in breach

of contract and breach of the implied duty of good faith and fair dealing.[5]

Pursuant to all of these Counts, Plaintiff is attacking a State court judgment authorizing

her eviction from the Premises, especially here where she consented while being represented by

counsel to give possession of the property at issue to defendant Fairfield and where they have

vacated the Premises as alleged at paragraph 18 of the Amended Complaint.   Consequently, to

the extent those counts are challenging the State court judgment, they are barred by the *Rooker-*

*Feldman* doctrine and the doctrines of *res judicata* and collateral estoppel.[6]

**A.   *Rooker-Feldman* Doctrine**

To the extent this action challenges Plaintiff's eviction from the Building, it should be

dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction under the *Rooker-*

---

[5] As a duty of good faith and fair dealing is implicit in all contracts in New York State, Count Six (breach of contract) and Count Eight (breach of implied duty of good faith and fair dealing) are redundant.  Fasolino Foods Co., Inc. v. Banca Nazionale Del Lavoro, 961 F.2d 1052, 1056 (2d Cir. 1992); Dalton v. Educational Testing Service, 87 NY2d 384, 389 (1995).

[6] These arguments are only aimed at challenging Plaintiff's claim pertaining to her eviction from 64 Gibson Boulevard and are not aimed at Plaintiff's claim that Defendants allegedly did not make a reasonable accommodation regarding the construction of a ramp.

*Feldman* doctrine. The *Rooker-Feldman* doctrine stands for the general proposition that "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." Hoblock v. Albany County Board of Elections, 422 F.3d 77, 84 (2d Cir. 2005); Sharp v. State of New York, 2007 WL 2480428*5 (E.D.N.Y. 2007) (Bianco, J.). As the Second Circuit held in *Hoblock,* the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Hoblock, supra.,* 422 F.3d at 85; *Sharp, supra.,* at *5.

The Second Circuit found that there are four requirements for the application of *Rooker-Feldman*: (1) "the federal-court plaintiff must have lost in state court"; (2) "the plaintiff must complain of injuries caused by a state court judgment"; (3) "the plaintiff must invite district court review and rejection of that judgment"; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Id.* All four of the *Rooker-Feldman* requirements are met here.

First, Plaintiff here was the losing party in State court. Owner brought a proceeding in State court to obtain possession of the apartment at issue, and the settlement in that proceeding granted Owner possession of the apartment. Since Plaintiff is now challenging the settlement in that proceeding, this Court should deem Plaintiff to be the loser in that proceeding. Wittich v. Wittich, 2006 WL 3437407*3 (E.D.N.Y. 2006) (Bianco, J.).[7]

The second *Rooker-Feldman* prong that the plaintiff is complaining of injuries caused by a State court judgment is also met. Plaintiff is basically complaining here of the State court judgment that awarded possession of the premises at issue to Owner. That Plaintiff here is

_____

[7] Unlike in *Wittich,* the District Court, Nassau County in this case did issue a judgment and a warrant in June, 2008 awarding possession of the premises to Fairfield 64 Gibson LLC. *See* Broxmeyer Affidavit, Exhibit "D."

13

presenting legal theories different from those she presented in State court does not insulate her

from the application of the *Rooker-Feldman* doctrine. *Hoblock, supra.,* 422 F.3d at 86-87.

Moreover, Plaintiff cannot avoid *Rooker-Feldman* by arguing that she was injured by the actions

of Owner in evicting her from their premises. Rather, as Owner only obtained the right to evict

Plaintiff through the entry of a State court judgment of possession, it is the State court judgment

that caused the injury to Plaintiff and not the actions of Owner. Hoblock, *supra,* 422 F.3d at 87-

88.

The third *Rooker-Feldman* prong, that the plaintiff must invite district court review and

rejection of the State court judgment, is also met. In Babalola v. B.Y. Equities, Inc., 63 Fed.

Appx. 534 (2d Cir. 2003), the plaintiff there filed a Federal court complaint against her landlord

after a State court issued a judgment and warrant evicting the plaintiff in that case. The

plaintiff's Federal complaint in *Babalola*, much like that filed by Plaintiff here, alleged that the

defendant landlord there violated the FHA and 42 U.S.C. §1982 in seeking to evict her. 63 Fed.

Appx. at 535.

The Second Circuit applied the *Rooker-Feldman* doctrine and dismissed the action,

holding that "a review of the complaint would necessitate an inquiry into the propriety of the

eviction warrant issued by the housing court." 63 Fed. Appx. at 536. *See also*, Trang v. Concris

Realty Co., 2005 WL 1398004 (E.D.N.Y. 2005). Similarly here, Plaintiff's Amended Complaint

is inviting this Court to challenge the propriety of the State court judgment awarding Owner

possession of the premises and a warrant. Therefore, just as in *Babaloa* and *Trang,* this action

challenges invites review and rejection of a State court judgment and meets the third *Rooker-*

*Feldman* prong.

14

The fourth prong of the *Rooker-Feldman* doctrine, that the State court judgment must be rendered before the Federal court proceedings have commenced, has been met based upon a fair reading of <u>Exxon Mobil Corporation v. Saudi Basic Industries Corporation,</u> 544 U.S. 280, (2005). In <u>Exxon Mobil Corporation</u>, the Supreme Court noted that "neither *Rooker* nor *Feldman* supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on <u>the same or related question</u> while the case remains *sub judice* in a federal court." 544 U.S. at 292. (Emphasis Added) In other words, under *Rooker-Feldman,* the State court judgment must have been rendered before the Federal court proceedings were commenced on the same or related question. *See also,* <u>Posr v. New York State,</u> 2006 WL 656985*14 (E.D.N.Y. 2006). In this case, the State court judgment in favor of Owner was rendered before the Amended Complaint was filed here on the same or related question.

Plaintiff filed her initial complaint with this Court on January 7, 2008. (*See* Court Docket Document No. 1.) While that complaint alleges numerous grievances with the physical condition of 64 Gibson Boulevard and actions of some employees of Owner, it makes no reference to any eviction proceedings commenced by Owner even though the eviction proceedings were commenced prior to January 7, 2008.

Owner obtained its State court judgment awarding it possession of the premises at issue on June 11, 2008, and was granted a warrant of eviction by the State court on June 12, 2008. The Amended Complaint here challenging the judgment and warrant was filed on November 26, 2008. Consequently, as the Amended Complaint on the issues involved here was filed after the State court judgment it is challenging, under <u>Exxon Mobil Corporation,</u> the fourth *Rooker-Feldman* condition has been met and all claims related to plaintiffs' eviction should be dismissed under the *Rooker-Feldman* doctrine.

15

In sum, the Amended Complaint asserts an injury based on the State court judgment

awarding possession of the premises to Owner and is essentially seeking a review of that

judgment.  Consequently, Counts Two, Three, Six, and Eight of the Amended Complaint are

barred by the *Rooker-Feldman* doctrine to the extent they challenge plaintiffs' eviction from 64

Gibson Boulevard. Hoblock, *supra,* 422 F.3d at 86-88.

**B**.      ***Res Judicata***

The doctrine of *res judicata* prevents parties from re-litigating issues in subsequent

litigation that were or could have been litigated in a prior action.  Wittich v. Wittich, 2006 WL

3437407*5 (E.D.N.Y. 2006) (Bianco, J.).  New York Courts apply a transactional analysis of *res

judicata* "barring a later claim arising out of the same factual grouping as an earlier litigated

claim even if the later claim is based on different legal theories or seeks dissimilar or additional

relief." Burka v. New York City Transit Authority, 32 F.3d 654, 657 (2d Cir. 1994). *Res

judicata* applies when "(1) the previous action involved an adjudication on the merits; (2) the

previous action involved the plaintiffs or those in privity with them and (3) the claims asserted in

the subsequent action were, or could have been, raised in the prior action." Monahan v. New

York City Dep't of Corr., 214 F.3d 275, 284-85 (2d Cir. 2000); Wittich, *supra.,* 2006 WL

3437407*5.

The State court proceeding involved an adjudication on the merits.  In the State court

action, Plaintiff, represented by counsel, here agreed to give Owner possession of the premises as

well as "waive all claims for credits of any nature from petitioner (Owner)," and the agreement

to give Owner possession of the premises eventually became a State court judgment.  Even

though the State court proceeding ended in a judgment stemming from a settlement rather than a

decision, the State court judgment still constitutes an "adjudication on the merits" to satisfy this

requirement under the doctrine of *res judicata.*   <u>Monahan v. New York City Dep't of Corr.,</u>

*supra.,* 214 F.3d at 286.

As the State court proceeding involved Plaintiff Ellen Reyes and the plaintiffs in this

action are plaintiff Ellen Reyes and her daughter Joy Reyes (someone in privity with Ellen

Reyes), the *res judicata* privity requirement has been met.  Finally, the claims asserted here were

or could have been raised in the prior action.   Plaintiff here raised the contract claims (Counts

Six and Eight) in the State court and the State court rejected those claims.  (*See* Broxmeyer

Affidavit, Exhibit "E".)  To the extent that Plaintiffs allege that the eviction was a retaliatory

measure in violation of the FHA (Count Two) or was motivated by her race (Count Three), those

claims could have been raised in the State court proceeding.  *See* <u>Water's Edge Habitat, Inc. v.</u>

<u>Pulipati,</u>  837 F. Supp. 501, 505 (E.D.N.Y. 1993) (defendant in a State court eviction proceeding

"is entitled to present all legal and equitable defenses he or she has available under State or

federal law," including the FHA defense raised by the defendant in that case), *see also*, <u>Springer</u>

<u>v. Lincoln Shore Owners, Inc.,</u> 2007 WL 2403165*3-4 (E.D.N.Y. 2007) (*res judicata* doctrine

barred plaintiffs there from raising FHA claims in action challenging judgment of eviction from

previous State court proceeding.)

**C.**     **<u>Collateral Estoppel</u>**

"Collateral estoppel... means simply that when an issue of ultimate fact has once been

determined by a valid and final judgment, that issue cannot again be litigated between the same

parties in any future lawsuit."  <u>Schiro v. Farley,</u> 510 U.S. 222, 232 (1994); <u>Galin v. United</u>

<u>States,</u> 2008 WL 5378387*6 (E.D.N.Y. 2008) (Bianco, J.).  The principles of collateral estoppel

require: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually

litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to

litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits."  Ball v. A.O. Smith Corp., 451 F. 3d 66, 69 (2d Cir. 2006); Galin v. United States, *supra*.

The "breach of contract" issues raised by Plaintiff here at Counts Six and Eight of the Amended Complaint were raised, litigated, and decided against Plaintiff by the District Court, Nassau County in an order dated July 29, 2008.  The District Court, Nassau County found that the actions of the Owner were not in breach of any contract with the plaintiffs (*see* Exhibit "E" to the Broxmeyer Affidavit).  Plaintiff here had a full and fair opportunity to litigate the contract issue in State court, and the resolution of that issue was necessary in order to address Plaintiff's order to show cause seeking a vacatur of the judgment of possession against them.

Consequently, the doctrine of collateral estoppel bars Plaintiff from asserting her breach of contract claims (Counts Six and Eight) in this action.

## POINT IV

### PLAINTIFF HAS FAILED TO ASSERT ANY FACTS WHICH WOULD GIVE RISE TO AN INFERENCE OF RACIAL DISCRIMINATION

In Count Three of the Amended Complaint, Plaintiff has alleged that Defendants' discrimination against Plaintiff was racially motivated.  Plaintiff states a claim for relief based upon 42 U.S.C. §1982, which states that:

> "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by the white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

In order for Plaintiff "to maintain an action under §1982, a plaintiff must allege that she was deprived of a property right because of her race." Harary v. Allstate Insurance Co.,, 983 F.Supp. 95, 99 (1997) (*citing see* Jones v. Alfred H. Mayer Co., 392 U.S. 409, 436 (1968));

Bacon v. Suffolk Legislature, 2007 WL 2288044*10 (E.D.N.Y.).  However, "[i]n order to survive a motion to dismiss, the plaintiff must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent. . . Therefore a complaint consisting of nothing more than naked assertions, and setting forth no facts upon which a court could find a violation of the Civil Rights Act, fails to state a claim under Rule 12(b)(6)." Harary at 99 (citing Yusuf v. Vassar College, 35 F.3d 709, 713-714 (2d Cir. 1994) (quoting, in turn, Martin v. New York State Dep't of Mental Hygiene, 588 F.2d 371, 372 (2d Cir. 1978)); Bacon v. Suffolk Legislature,*10 (Bianco, J.) (The plaintiff did not articulate intentional racial discrimination with enough specificity to survive a motion to dismiss.).

In the case at bar, Plaintiff has failed to allege any events which give rise to an inference of racial discrimination.  Instead, she has merely alleged that she and her daughter are African-American, and that their demands to the Defendants for renovations and new construction of the building were not granted.  Throughout the entire Amended Complaint, Plaintiff has set forth that she experienced discrimination due to disability rather than race.  Plaintiff's "naked assertion" of racial discrimination without any facts whatsoever is insufficient to state a claim for relief.  Plaintiff has not alleged even one instance of fact which would give rise even to a question of racial discriminatory intent.

Furthermore, as set forth in the Broxmeyer Affidavit, when Plaintiff submitted her complaint to the NYS DHR, she did not include racial discrimination as a ground for relief when she had the opportunity to check off this box on the complaint form (see Exhibit "A" to the Broxmeyer Affidavit).  By virtue of the foregoing, Plaintiff has not alleged any facts which would support a claim for racial discrimination and her claim for relief should be dismissed.

## POINT V

## PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION
## PURSUANT TO THE NEW YORK HUMAN RIGHTS LAW

**A.**   **Plaintiff Has Failed To Sufficiently Allege A Refusal To Make An Accommodation**

In Count Four of the Amended Complaint, Plaintiff has alleged that the Defendants'

refusal to accommodate her demands to renovate the Premises was discrimination in violation of

the New York State Human Rights Law Executive Law §296(18).  Assuming, *arguendo*, that

this Court decided to exercise jurisdiction over the state law claims,[8] Plaintiff's claim for relief

pursuant to the NYS HRL, Executive Law §296(18) should be dismissed nonetheless on the

following independent ground.  Plaintiff has failed to meet the burden of establishing a prima

facie case of failure to provide a reasonable accommodation pursuant to NYS HRL.

Executive Law §296, entitled "Unlawful Discriminatory Practice" states that "it shall be

an unlawful discriminatory practice":

> "§296(18) to refuse to make reasonable accommodations in rules,
> policies, practices, or services, when such accommodations may be
> necessary to afford said person with a disability equal opportunity
> to use and enjoy a dwelling."

The language of the statue mirrors the language of the FHA, 42 U.S.C. §3604(f)(3)(B) set

forth above in Point I above.  In order to successfully state a claim for relief, Plaintiff must

demonstrate, inter alia, that the building owner refused to make an accommodation in its rules,

policies, practices, or services.  This language once again does not provide for relief for a refusal

to renovate or alter a facility or premises and has been applied in this way to claims.  *See* Lindsay

Park Housing Corp., 866 N.Y.S.2d at 773 (2d Dept. 2008); s*ee also* State Division of Human

---

[8] The jurisdiction of the federal court to hear the state law claims is based upon supplemental jurisdiction pursuant to 28 U.S.C. §1367.  Plaintiff has not sufficiently pled any federal law claims upon which relief may be granted.  As such, there is no longer proper jurisdiction for the Court to hear the state law claims brought by Plaintiff and the entire action should be dismissed.

Rights v. Stoute, 36 A.D.3d 257, 264-265 (2d Dept. 2006) (Court used Federal Law to interpret NY Executive Law §296(5)).  Based on the aforementioned reasons for dismissal of Plaintiff's claim for relief pursuant to the FHA (discussed at length in Point I), this claim clearly does not sufficiently state a claim upon which relief can be granted and should be dismissed.

**B.      Plaintiff has Improperly Alleged That Defendants Have Violated Plaintiff's Civil Rights Based Upon NY Executive Law §291(2)**

In Count Four of the Amended Complaint, Plaintiff has also alleged that Defendants' conduct has violated Plaintiff's civil right to "ownership, use and occupancy of housing accommodation and commercial space without discrimination" based on disability.  Plaintiff has cited NY Executive Law §291(2) as the basis for the violation of a civil right, which states, in pertinent part:

> "The opportunity to obtain education, the use of places of public accommodation and the ownership, use and occupancy of housing accommodations and commercial space without discrimination because of age, race, creed, color, national origin, sexual orientation, military status, sex or marital status as specified in section two hundred ninety-six of this article, is hereby recognized as and declared to be a civil right."  McKinney's Executive Law §291(2).

Plaintiff alleges that Defendants interfered with Plaintiff's civil rights based upon disability.  (Amended Complaint ¶ 53).  However, this statute does not include disability as a protected class for the basis of a civil rights violation.  Plaintiff's claims for relief fail to state a cause of action pursuant to the statute and should be dismissed.

Any attempts by Plaintiff to further amend the Amended Complaint in order to allege a violation pursuant to NY Executive Law §291(2) based on race would be futile.  Plaintiff has not alleged any facts in the Amended Complaint which might give rise to the notion that even if,

*arguendo*, the Court finds discrimination, that is was racially motivation as detailed in Point IV above.

## POINT VI

## PLAINTIFF HAS FAILED TO SUCCESSFULLY STATE A CLAIM FOR IIED

In Count Five of the Amended Complaint, Plaintiff seeks relief for Defendant's alleged IIED.  Plaintiff has alleged that Defendants have caused emotional harm to Plaintiff such that Plaintiff was debilitated to the point as to be "forced to file a charge of discrimination with the State Division of Human Rights when the Defendants failed to provide reasonable accommodations." (Amended Complaint ¶ 60).  Plaintiff has failed to meet the burden of successfully establishing IIED.  Plaintiff's burden to establish this tort consists of four elements. A plaintiff must show (a) conduct which is so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community, (b) [a]n intent to cause or disregard of a substantial probability of causing severe emotional distress, (c) a causation connection between the conduct and the injury, and (d) severe emotional distress. Elmowitz v. Executive Towers at Lido, 571 F.Supp.2d 370, 378-379 (E.D.N.Y. 2008) (internal citations omitted).

**A.     Plaintiff Has Failed To Allege Any Conduct So Outrageous In Character Or Extreme In Degree As To Go Beyond All Possible Bounds of Decency**

"Very few claims satisfy the extreme and outrageous requirement of an IIED claim." Id. at 378 (*citing* Howell v. New York Post Co., 81 N.Y.2d 112, 122 (1993).  Instead, Plaintiff has merely alleged conduct which she believes to have been discriminatory, but nothing in the

Amended Complaint alleges extreme conduct on the part of any of the Defendants, which would give rise to the level of being so outrageous that it satisfies Plaintiff's burden.[9]

**B.   Plaintiff Has Also Failed To Meet The Burden Of Alleging The Remaining Elements Of A Claim Of IIED**

Plaintiff has failed to state any facts to support the remaining three elements of a claim for IIED.  Where a plaintiff has "done nothing more than recite the remaining three elements of a IIED claim . . . [s]uch pleadings are insufficient to state a plausible cause of action for IIED." Elmowitz, 571 F.Supp. at 379. In the case at bar, Plaintiff has merely recited the last three elements of a claim for IIED, and Plaintiff's claim should be dismissed.

Moreover, in New York, a plaintiff can only recover for mental disturbance in the absence of a physical impact if the "mental injury (is) marked by definite physical symptoms that are capable of clear medical proof." Steinhauser v. Hertz Corp., 421 F.2d 1169, 1170 n.1 (2d Cir. 1970) (citations omitted).  Plaintiff has instead affirmed that because of the alleged IIED she filed a charge of discrimination with the NYS DHR, and that Plaintiff suffers episodes of anxiety, anger, and mental anguish.  (Amended Complaint ¶ 60).  Plaintiff has not met her burden of alleging the elements of an IIED claim and her claim for relief should be dismissed.

**POINT VII**

**PLAINTIFF IMPROPERLY NAMED INDIVIDUAL PARTIES AS DEFENDANTS IN THE PRESENT ACTION AND ALL CLAIMS AGAINST THEM SHOULD BE DISMISSED**

Plaintiff has named David Berger, David Ford and David Nobile (collectively, "Individual Defendants") as defendants in this lawsuit.  However, even assuming, *arguendo*, that Plaintiff has pled facts sufficient to make a claim pursuant to the FHA, individual liability is still

---

[9] Plaintiff has failed to point to any specific acts of conduct of the Individual Defendants in the Amended Complaint which would comprise outrageous or atrocious behavior.  As such, Plaintiff is not entitled to any relief from the Individual Defendants and they should be dismissed from this action.

unavailable.  The Supreme Court of the United States has held that the traditional rules of

vicarious liability apply to claims brought pursuant to the FHA and that "in the absence of

special circumstances it is the corporation, not its owner or officer, who is the principal or

employer and thus subject to vicarious liability for torts committed by its employees or agents."

Meyer v. Holley, 537 U.S. 280, 286 (2002) (citing 3A W. Fletcher, Cyclopedia of the Law of

Private Corporations, §1137 pp. 300-301 (rev. ed. 1991-1994)).

Courts have held that only in narrow circumstances, where employees have engaged in

affirmative acts of discrimination, or are enforcing a corporation's discriminatory rules or

policies, can they be found individually liable.  Andujar v. Hewitt, 2002 WL 1792065*10

(S.D.N.Y. 2002) (citing see Holley v. Crank, 258 F.3d 1127 (9th Cir. 2001), cert granted, 535

U.S. 1077 (2002); Hamilton v. Svatik, 779 F.2d 383 (7th Cir. 1985); The Open Hous. Ctr. V.

Kessler Realty, Inc., No. 96 Civ. 6234, 2001 WL 1776163 (E.D.N.Y. 2001); United States v. Sea

Winds of Marco, Inc., 893 F.Supp. 1051 (M.D. Fla 1995) ("The complaint. . . states that Sea

Winds instituted a policy requiring identification wristbands to be worn by unit renter. . . It

alleges that this policy was enforced by [the individual defendants'] in consultation with the

condominium association board, only against Hispanic renters. . .); Biondo v. Beekman Hill

House Apartment Corp., 94 N.Y.2d 659, 662 (2000); United States v. Lorantiffy Care Ctr., 999

F.Supp. 1037, 1045 (N.D. Ohio 1998) ("[T]he government does not allege that each individual

himself engaged in a pattern or practice of discrimination.  This would, of course be

actionable.")).  For example, in Andujar v. Hewitt, the Court discussed whether the plaintiffs

stated a claim against each of the individual defendants.  The amended complaint contained

"extensive allegations about Spink's conduct toward Andujar directly, and Cordero and Ryan

indirectly, which are sufficient to support the claims against her."  Id.

In contrast to the cases noted above, in the case at bar, Plaintiff has failed to allege any affirmative acts of discrimination on the part of any of the Individual Defendants, nor has she alleged that they enforced the corporation's discriminatory rules or practices.  She has alleged only that the Individual Defendants were present during a field visit conducted by the NYS DHR.  (Amended Complaint ¶25).  Due to Plaintiff's failure to allege any affirmative acts of discrimination or enforcement of a discriminatory corporate policy on the part of any of the Individual Defendants, the claims against them should be dismissed.

Furthermore, rather than allege specific facts or incidents of any affirmative discriminatory acts on the part of the Individual Defendants, Plaintiff has merely named the Individual Defendants in their "official capacity."  (Amended Complaint ¶¶ 10-12). The meaning of this term is taken to mean that they are parties to this action as mere employees of Defendant, Fairfield Properties.  As such, Plaintiff is not able to seek relief from the Individual Defendants pursuant to the principles of vicarious liability.  Even if all of Plaintiff's claims are not dismissed, all of her allegations against the individual employees of Defendant Fairfield Properties should be dismissed.

## POINT VIII

### PLAINTIFF HAS NAMED THE WRONG CORPORATE DEFENDANT IN THE PRESENT ACTION AND THE CLAIM AGAINST FAIRFIELD PROPERTIES SHOULD BE DISMISSED

Pursuant to the Broxmeyer Affidavit and Certificate of Occupancy attached to the Broxmeyer Affidavit as Exhibit "G", defendant Fairfield Properties is not the owner of the Building.  Rather, Owner is the fee owner of the Building.  Since Fairfield Properties is not the fee owner of the Building, the Amended Complaint should be dismissed as against it.

## CONCLUSION

Wherefore, it is respectfully requested that Defendants' motion to dismiss the Amended

Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be granted in its

entirety, along with costs, disbursements, and other and further relief as this Court deems just

and proper.

Dated: Woodbury, New York
       February 9, 2009

                                          Kaufman Dolowich Voluck & Gonzo LLP
                                          Attorneys for Defendants

By:                                       
                                        Andrew L. Richards
                                        135 Crossways Park Drive, Suite 201
                                        Woodbury, New York  11797
                                        Tel: (516) 681-1100

                                        Moritt, Hock, Hamroff and Horowitz, LLP
                                        Co-counsel for Defendants
                                        By:  Robert Schonfeld
                                        400 Garden City Plaza, Suite 202
                                        Garden City, NY 11530
                                        (516) 542-0088

ND: 4815-8928-8451, v.  7